IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| REBECCA HARVEY )<br>)<br>Plaintiff. )<br>v. )<br>)<br>MIDLAND CREDIT MANAGEMENT, INC. )<br>)<br>    SERVE:   Corporation Service Company )<br>                2730 Gateway Oaks Drive )<br>                Suite 100 )<br>                Sacramento, CA 95833 )<br>)<br>ARS NATIONAL SERVICES, INC. d.b.a. )<br>ASSOCIATED RECOVERY SYSTEMS )<br>)<br>    SERVE:   CSC Lawyers Incorporating Service )<br>                2730 Gateway Oaks Drive )<br>                Suite 100 )<br>                Sacramento, CA 95833 )<br>)<br>ARROW FINANCIAL SERVICES, LLC )<br>)<br>    SERVE:   CT Corporation System )<br>                4701 Cox Road, Suite 301 )<br>                Glen Allen, VA 23060-6802 )<br>)<br>                        Defendants. ) | APR - 8 2010<br><br>CASE NO. _1:10CV353 TSE/IDD_ |

## COMPLAINT

COMES NOW the Plaintiff, Rebecca Harvey (hereafter, "Harvey" or "Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or

"FDCPA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Midland Credit Management, LLC, (hereafter, "Midland"), is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

5. Defendant ARS National Services, Inc. d.b.a. Associates Recovery Systems, (hereafter, "ARS"), is a foreign corporation with its principal place of business located in Escondido, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

6. Defendant Arrow Financial Services, LLC (hereafter, "Arrow"), is a foreign corporation with its principal place of business located in Niles, Illinois and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

## STATEMENT OF FACTS

7. By reason only of the commonality of her name, Plaintiff has become the subject of oppressive collection efforts directed at her by the Defendants, including, but not limited to, dunning letters and the filing and service of legal action against her.

2

8. Plaintiff did not open the accounts that the Defendants attempted to collect from her.

9. Upon information and belief, the original creditors assigned or sold the collection accounts at issue to the Defendants and provided significant identifying information regarding the true "Rebecca Harvey" who had actually opened the accounts (hereafter, "the obligor").

10. Upon information and belief, the Defendants were either unable to locate or to collect from the obligor and, thereafter, utilized various sources of public and private information to track down their target and to identify her employer or members of her family that they could contact in an effort to obtain payment on the account.

11. Upon information and belief, the Defendants used one or more consumer reports in their efforts to locate any individual named Rebecca Harvey whom they could coerce into paying money to them. For example, it is common within the debt collection industry for such collectors to perform skip tracing on their collection targets by using products as such as "Accurint", offered by Lexis Nexis, a consumer report agency, or "Insight", a product offered by Axciom, a different consumer reporting agency.

12. After the Defendants acquired the Plaintiff's address, telephone number, and other identifying information from a source other than original creditor, and while having full knowledge that they could not rely on the information obtained, they began to attempt to collect money from the Plaintiff on accounts that she never opened, used, or had any knowledge of prior to the collection efforts.

13. Following these contacts, Plaintiff personally corresponded with the Defendants on several occasions, despite that she was a complete stranger to the Defendants and the original creditor and had no legal obligation to assist them in complying with the law. In good faith,

3

Plaintiff informed them that she was not the maker of or otherwise legally responsible for the accounts in question. She specifically instructed Defendant Arrow that she believed the accounts to be attributable to another individual by the name of Rebecca Harvey who lived in Woodbridge, Virginia at some point. Plaintiff further informed Defendant Arrow that her date of birth and the last four digits of her social security did not match those of the obligor, as listed in the Defendant's collection records.

14. As a result of these contacts, the Defendants did not cease their collection efforts. Instead, they used information provided to them in good faith by the Plaintiff to update the collection account records with _her_ identifying information, thus ensuring that she would remain the focus of their collection efforts going forward.

15. For example, when Plaintiff did not comply with its demands, Defendant Arrow outrageously sued her for $1,843.97 plus $53.00 for costs in the General District Court for Prince William County, forcing the Plaintiff to retain legal counsel to defend her in that action and causing Plaintiff to suffer additional and substantial actual damages.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e
### (Defendant Midland)

16. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 15 above as if fully set out herein.

17. In its false and deceptive statements and misrepresentations as described herein, Defendant Midland violated 15 U.S.C. § 1692e.

18. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. §1692e(2)(A)

(Defendant Midland)

19. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 18 above as if fully set out herein.

20. The false statements and misrepresentations described herein as made by Defendant Midland violated 15 U.S.C. §1692e(2)(A).

21. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. §1692e(5)
### (Defendant Midland)

22. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 21 above as if fully set out herein.

23. The false statements and misrepresentations described herein as made by Defendant Midland violated 15 U.S.C. §1692e(5).

24. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. §1692e(10)
### (Defendant Midland)

25. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 24 above as if fully set out herein.

26. The false statements and misrepresentations described herein as made by Defendant Midland violated 15 U.S.C. §1692e(10).

27. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. §1692f
## (Defendant Midland)

28. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 27 above as if fully set out herein.

29. The false statements and misrepresentations described herein as made by Defendant Midland violated 15 U.S.C. §1692f.

30. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692g
## (Defendant Midland)

31. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set out herein.

32. In its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant Midland violated 15 U.S.C. § 1692g.

33. Plaintiff is therefore entitled to actual and statutory damages against Defendant Midland, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
## VIOLATION OF 15 U.S.C. § 1692e
## (Defendant ARS)

34. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 33 above as if fully set out herein.

35. In its false and deceptive statements and misrepresentations as described herein, Defendant ARS violated 15 U.S.C. § 1692e.

36. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHT:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant ARS)

37. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 36 above as if fully set out herein.

38. The false statements and misrepresentations described herein as made by Defendant ARS violated 15 U.S.C. §1692e(2)(A).

39. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT NINE:
### VIOLATION OF 15 U.S.C. §1692e(5)
### (Defendant ARS)

40. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 39 above as if fully set out herein.

41. The false statements and misrepresentations described herein as made by Defendant ARS violated 15 U.S.C. §1692e(5).

42. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT TEN:
### VIOLATION OF 15 U.S.C. §1692e(10)
### (Defendant ARS)

43. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 42 above as if fully set out herein.

7

44. The false statements and misrepresentations described herein as made by Defendant ARS violated 15 U.S.C. §1692e(10).

45. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT ELEVEN:
### VIOLATION OF 15 U.S.C. §1692f
### (Defendant ARS)

46. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 45 above as if fully set out herein.

47. The false statements and misrepresentations described herein as made by Defendant ARS violated 15 U.S.C. §1692f.

48. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT TWELVE:
### VIOLATION OF 15 U.S.C. § 1692g
### (Defendant ARS)

49. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 48 above as if fully set out herein.

50. In its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant ARS violated 15 U.S.C. § 1692g.

51. Plaintiff is therefore entitled to actual and statutory damages against Defendant ARS, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THIRTEEN:
### VIOLATION OF 15 U.S.C. § 1692e
### (Defendant Arrow)

52. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 51 above as if fully set out herein.

53. In its false and deceptive statements and misrepresentations as described herein, Defendant Arrow violated 15 U.S.C. § 1692e.

54. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOURTEEN:
## VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant Arrow)

55. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 54 above as if fully set out herein.

56. The false statements and misrepresentations described herein as made by Defendant Arrow violated 15 U.S.C. §1692e(2)(A).

57. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FIFTEEN:
## VIOLATION OF 15 U.S.C. §1692e(5)
### (Defendant Arrow)

58. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 57 above as if fully set out herein.

59. The false statements and misrepresentations described herein as made by Defendant Arrow violated 15 U.S.C. §1692e(5).

60. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SIXTEEN:
## VIOLATION OF 15 U.S.C. §1692e(10)

(Defendant Arrow)

61. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 60 above as if fully set out herein.

62. The false statements and misrepresentations described herein as made by Defendant Arrow violated 15 U.S.C. §1692e(10).

63. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT SEVENTEEN:
## VIOLATION OF 15 U.S.C. §1692f
(Defendant Arrow)

64. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 63 above as if fully set out herein.

65. The false statements and misrepresentations described herein as made by Defendant Arrow violated 15 U.S.C. §1692f.

66. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT EIGHTEEN:
## VIOLATION OF 15 U.S.C. § 1692g
(Defendant Arrow)

67. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 66 above as if fully set out herein.

68. In its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant Arrow violated 15 U.S.C. § 1692g.

69. Plaintiff is therefore entitled to actual and statutory damages against Defendant Arrow, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act against each of the Defendants, and such other relief the Court deems just, equitable, and proper. The Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §2201, *et seq.* that she is not responsible for the debts in question.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**REBECCA HARVEY**

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

11